127 F.3d 1105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Brian MURCOTT, husband; Mary Murcott, wife; Plaintiffs-Appellants,
v.
BEST WESTERN INTERNATIONAL; INC., an Arizona corporation;
Mark T. Brown; Donna Brown; Loren H. Unruh, husband;
Gayle Unruh, wife; Roger Mathis, husband; Jeanette Mathis,
wife; David L. Huff, Sr. husband; Jan Huff, wife,
Defendants-Appellees.
 No. 96-16747.
 United States Court of Appeals, Ninth Circuit.
 Oct. 27, 1997.
Argued and Submitted Oct. 8, 1997.
 
 Appeal from the United States District Court for the District of Arizona Paul G. Rosenblatt, District Judge, Presiding
 Before SCHROEDER, BEEZER and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Brian and Mary Murcott appeal the district court's Fed R. Civ P. 12(b)(6) dismissal of their antitrust action under 15 U.S.C. § 1, alleging that the Board of Directors of Best Western International conspired to limit competition in protected areas of its hotels, and terminated Brian Murcott's employment as Vice President of Membership Development when he protested what he believed to be the Board's anticompetitive position and violation of antitrust laws. The complaint also alleged pendent state law claims. We have jurisdiction pursuant to 28 U.S.C. § 1291. See Fed. R.App. P. 4(a)(2); Bankers Trust Co. v. Mallis, 435 U.S. 381, 98 S.Ct. 1117 (1978). We affirm.
 
 
 3
 This court recognized a limited exception to the general rule that a terminated employee lacks antitrust standing in Ostrofe v. H.S. Croker Co., 740 F.2d 739 (9th Cir.1984), cert. dismissed, 469 U.S. 1200, 105 S.Ct. 1155 (1985). We distinguished Ostrofe and rejected a claim similar in all material respects to the one in the present case in Vinci v. Waste Management, Inc., 80 F.3d 1372 (9th Cir.1996), cert. denied, 117 S.Ct. 1252 (1997). In order to allege standing based on termination under Ostrofe, a plaintiff must allege that he is " an 'essential participant' in an antitrust scheme, the dismissal is a 'necessary means' to accomplish the scheme, and the employee has the greatest incentive to challenge the antitrust violation." Vinci, 80 F.3d at 1376 (citations omitted); see Ostrofe, 740 F.2d at 744-46.
 
 
 4
 Like the plaintiff in Vinci, these plaintiffs cannot show that Brian Murcott was "an essential participant" in the alleged antitrust conspiracy. According to the provisions of the complaint, Brian Murcott's protests were unavailing and the conspiratorial application decisions continued to be made "on the basis of preferential treatment for existing members." Because Brian Murcott's dismissal was not "a necessary means to achieve the conspirators' illegal end," Ostrofe, 740 F.2d at 746, the general rule that employees lack antitrust standing is controlling.
 
 
 5
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3